## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Trina Mehl, Jason Olsen, Susan Olsen, and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | **ORDER DENYING PLAINTIFFS' MOTION TO VACATE ORDER OF DISMISSAL AND JUDGMENT** |
| vs. | ) ) | |
| Canadian Pacific Railway, Limited and its wholly owned subsidiary Canadian Pacific Railway Company, and Soo Line Railroad Company, d/b/a Canadian Pacific Railway, | ) ) ) ) ) ) | Case No. 4:02-cv-009 |
| Defendants. | ) ) | |

Before the Court is the Plaintiffs' Motion to Vacate Order of Dismissal and Judgment pursuant to Rule 60(b), filed on March 16, 2006.  On March 6, 2006, the Court issued an order which found the Plaintiffs' claims were preempted by federal law and dismissed the case without prejudice.  See Mehl, et al. v. Canadian Pac. Ry. Ltd., 417 F. Supp. 2d 1104 (D. N.D. 2006).  The Plaintiffs now assert that the Court's order must be vacated because the Defendants are collaterally estopped from asserting any defense to liability for causing the derailment, including preemption, because the Defendants admitted liability in other actions pending in Minnesota state court which resulted in jury verdicts in favor of the Plaintiffs in those cases.  The Defendants respond by asserting that the Plaintiffs previously asserted their collateral estoppel arguments and that the Court was aware of the Defendants' admissions prior to its ruling that the Plaintiffs' claims were preempted.

Rule 60(b) of the Federal Rule of Civil Procedure provides in part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment

upon which ti is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60.  The United States Supreme Court has held that Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (1987).  A court has broad discretion in ruling on a Rule 60(b) motion. Sellers v. Mineta, 350 F.3d 706, 716 (8th Cir. 2003).  The rule "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). It is not a vehicle for reargument on the merits. Id. (denying relief under Rule 60(b) when the movant "did nothing more than reargue, somewhat more fully, the merits of their claim . . . .").

The Court has carefully reviewed the record and the pending motion and finds that there is no justification for granting a Rule 60(b) motion for relief from judgment or order.  The Plaintiffs have simply provided additional support for legal arguments previously raised in opposition to the Defendant's prior motion to dismiss.  The Court was aware of the Defendants' admissions and the verdicts in the personal injury cases tried in Minnesota state court before it ruled on the Defendants' motion to dismiss and found that such admissions and verdicts did not preclude a finding that the Plaintiffs' claims in this case were preempted by federal law.  Under such circumstances, relief under Rule 60(b) is unwarranted.  Accordingly, the Plaintiff's Motion to Vacate Order of Dismissal and Judgment is **DENIED**.  (Docket No. 293).

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2006.

_____/s/ Daniel L. Hovland_____
Daniel L. Hovland, Chief Judge
United States District Court