**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| Trina Mehl, Jason Olsen, Susan Olsen and all others Similarly situated, )<br>)<br>) | Case No. 4-02-cv-009 |
| Plaintiffs, ) | |
| vs. ) | |
| Canadian Pacific Railway, Limited and its wholly owned subsidiary Canadian Pacific Railway Company, and Soo Line Railroad Company, d/b/a Canadian Pacific Railway, )<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

**ORDER PRELIMINARILY**
**APPROVING CLASS SETTLEMENT**

This matter came on for hearing on July 10, 2007, upon motion pursuant to Rule 23(e) of

the Federal Rules of Civil Procedure for preliminary approval of the proposed settlement

("Proposed Settlement") of this Action as set forth in a Settlement Agreement signed by the

parties

Plaintiffs were represented by their counsel, Charles S. Zimmerman, Ronald S. Goldser,

J. Gordon Rudd, Jr., and David M. Cialkowski, of the firm Zimmerman Reed PLLP; Mike Miller

and Stacey E. Tjon of the firm Solberg, Stewart, Miller & Tjon; and Daniel E. Becnel, Jr., and

Darryl J. Becnel of the Daniel E. Becnel, Jr., Law Firm ("Class Counsel").  Defendants Soo Line

Railroad Company, Soo Line Corporation, the Canadian Pacific Railway Company ("CP") and

Canadian Pacific Railway Limited (collectively, "The Rail Group") were represented by

Timothy R. Thornton of Briggs and Morgan, P.A., and James S. Hill of the firm Zuger Kirmis &

Smith.

- 1 -

The Court having heard arguments of counsel, having reviewed the Settlement Agreement, its exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in the action, and being otherwise fully advised,

**IT IS HEREBY ORDERED**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1.      The representations, agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Settlement Agreement and the attached exhibits, are preliminarily approved, as within the range of reasonableness required for ultimate approval, pending a final hearing on the Proposed Settlement as provided herein.

2.      The Court certifies the following Settlement Class:

> All persons who were exposed to the anhydrous ammonia cloud in and around the city of Minot, North Dakota, and who were adversely affected by the release of the hazardous chemical on January 8, 2002, and who have sustained property damages, property value diminution, personal injuries, and economic or non-economic damages as a result of the derailment and hazardous chemical release.

This definition constitutes the "Mehl Settlement Class."

3.      Having reviewed the proposed forms of Notice of Proposed Settlement of Class Action and Hearing on Final Settlement Approval (Exhibits C and D to the Settlement Agreement) ("Notice of Hearing"), the Court approves the notices and directs Class Counsel to mail, or cause to be mailed, the Notice of Hearing to Settlement Class Members.  The mailing shall be by first class United States mail, postage prepaid, within 20 business days of the date of entry of this Order.

4.      Having reviewed the proposed form of Summary Notice of Proposed Settlement of Class Actions and Hearing for final approval (Exhibit C to the Settlement Agreement) ("Summary Notice"), the Court approves the Summary Notice and directs that Class Counsel cause the Summary Notice to be published in the <u>Minot Daily News</u>, <u>Bismarck Tribune</u>, and <u>The</u>

Fargo Forum.  The publication is to be completed no later than 20 days after the completion of mailed notice.  Furthermore, the Court approves the radio public service announcements and directs that Class Counsel cause them to be broadcast on the six radio stations in Minot, ND, 30 times each.  This publication should begin within 10 business days of the completion of mailed notice and conclude within 5 days of the opt-out deadline.

5.      Specifically regarding notice, the Court directs as follows:

a)      Class members shall receive direct mail notice, which will be sent to all households in Minot, North Dakota.  To increase the likelihood that mail recipients resided on there on January 18, 2002, the Claims Administrator shall determine which residents have lived in their homes more than 5 years.  For that group, all addresses shall be checked in the National Change of Address database to determine any forwarding address information;

b)      The summary notices shall be published in the three North Dakota newspapers most likely to be read by potential Class members – the Bismarck Tribune, Minot Daily News, and Fargo Forum;

c)      Public service announcements regarding the settlement shall also be broadcast on all six radio stations in Minot.  The announcements will be 60 seconds in duration and will be run 30 times on each station for a total of 180 radio public service announcements paid by Class Counsel;

d)      Notices shall also be distributed informally to churches and other public gathering places to the extent the owner of the property permits such distribution; and

e)      Both notices shall be posted on a settlement website, created separate and apart from Class Counsel's firm websites, advising Class members of the proposed settlement and directing them to sources of additional information, including claim forms.

6.      The Court finds that proposed notices to Settlement Class Members constitute the best notice practicable under the circumstances, constitute due and sufficient notice to all persons entitled to receive notice, and fully satisfy the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

7.      The Court authorizes Class Counsel to engage Analytics, Inc., to be the Claims Administrator for purposes of the Proposed Settlement.

8.      All persons who have already filed suit against any Rail Group party or retained counsel, the retention of whom is known to the Rail Group, to make claims shall be deemed to have opted out of the Class and need not file any Statements of Exclusion.  Any other Settlement Class Member who desires to request exclusion from the Settlement Class in that Action must serve and file the written Statement of Exclusion specified by the Notice of Hearing for that Action.  Such Statement of Exclusion must be addressed to the Claims Administrator in an envelope marked "Statement of Exclusion" and filed or postmarked on or before September 21, 2007; and must include a statement that the Settlement Class Member wishes to be excluded from participation in the Mehl Settlement Class.

9.      A hearing will be held before The Honorable Daniel L. Hovland, United States District Judge, at the U.S. Courthouse, 100 SW First Avenue, Minot, North Dakota, at 9:00 a.m. on Tuesday, October 9, 2007 ("Settlement Hearing"), to determine: (a) whether the Proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether the releases the Railroad obtained when directly settling claims with derailment claimants after the cooling off period prescribed in N.D.Cent.Code 9-08-03 are valid, binding and enforceable according to their terms;  (c) whether a final judgment should be entered dismissing plaintiffs' claims and claims of Class Members, with prejudice and on the merits, as required by the Settlement Agreement; and (d) whether to approve the Class

Representatives' petition for an award of Class Representative fees and of attorneys' fees, costs, expenses, and disbursements of Class Counsel ("Fee Petition").  The Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

10.     Prior to the Settlement Hearing, Class Counsel shall file an affidavit with the Court certifying that the notice has been provided to the Settlement Class as directed in this Order.

11.     Any Settlement Class Member who wishes to object to the Proposed Settlement or the Fee Petition, or to appear at the Settlement Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered, must serve and file the written objections required by the Notice of Hearing.  Such written objections must be addressed to the Court Administrator, must refer to the title and file number of the Action that involves the Class Member, must be filed with, and received by, the Court Administrator, by September 21, 2007, must provide a detailed statement of such person's specific objections and the grounds therefore; and must include all documents and other writings such person wishes the Court to consider. Copies of all materials also must be served upon the following counsel on or before that same date:

> J. Gordon Rudd, Jr.
> Zimmerman Reed, P.L.L.P.
> 651 Nicollet Mall, Suite 501
> Minneapolis, MN  55402;
>
> Timothy R. Thornton
> Briggs and Morgan, P.A.
> 2200 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402

12.     No person shall be entitled to object to the proposed Settlement, to the final judgment to be entered, to any award of Class Representative fees or of attorneys' fees, costs,

expenses, and disbursements to Class Counsel, or otherwise to be heard, except by serving and filing the required written notice of intention to appear and written objections by the date specified in the Notice of Hearing. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

13.     Having reviewed the proposed Claim Form submitted by the parties as Exhibit A to the Settlement Agreement, the Court approves the Claim Form. The Court directs that Class Counsel shall mail, or cause to be mailed, the Claim Form in a substantially similar form at the same time, in the same manner, and to the same persons, as provided in paragraph 3 of this Order with respect to the Notice of Hearing.

14.     In order to share in any recovery resulting from the settlement, eligible Settlement Class Members must file a completed Claim Form in the manner provided in the Notice of Hearing by no later than November 8, 2007. A Claim Form filed by mail shall be deemed to have been filed when postmarked, if mailed by first class mail, registered mail, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Claim Form. All other Claim Forms shall be deemed to have been filed at the time they are actually received by the Claims Administrator.

15.     Upon the entry of final judgment after the Settlement Hearing, the Class Representatives and all Settlement Class Members (except those who have filed a timely Statement of Exclusion) shall be forever barred from asserting claims arising out of or related to the January 18, 2002, derailment (except through the Claim Form procedures) and the Class Representatives and all Settlement Class Members shall be conclusively deemed to have released any and all such claims in accordance with paragraph 5 of the Settlement Agreement.

16.     Upon the entry of final judgment after the Settlement Hearing, and upon the date that the settlement becomes final within the meaning of paragraph 11 of the Settlement

Agreement, which will occur on the date upon which the judgment in this action is no longer subject to further appeal or review, only persons who are Settlement Class Members, who have not requested exclusion, and who have submitted a timely and complete Claim Form, shall be entitled to a Settlement Payment as described in paragraph 2 of the Settlement Agreement.

17.     The Hon. Jonathan Lebedoff (retired) is appointed as Special Master to oversee implementation and administration of this Settlement.

18.     The Court may adjourn or continue the Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Settlement Hearing or at any later hearing.

**IT IS SO ORDERED.**

Dated this 10th day of July, 2007.

_/s/ Daniel L. Hovland_
Daniel L. Hovland, Chief Judge
United States District Court