**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Trina Mehl, Jason Olsen, Susan Olsen, and all others similarly situated, | ) ) **ORDER OF FINAL APPROVAL** |
| | ) **OF CLASS SETTLEMENT** |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| Canadian Pacivic Railway, Limited and its wholly owned subsidiary Canadian Pacivic Railway Company, and Soo Line Railroad Company d/b/a Canadian Pacific Railway, | ) ) ) ) Case No. 4:02-cv-009 ) |
| | ) |
| Defendants. | ) |

The Plaintiffs and the Defendants in the above-entitled action entered into a Settlement Agreement dated July 6, 2007. See Docket No. 313.

On July 10, 2007, the Court entered an Order Preliminarily Approving Class Settlement, which: (i) preliminarily approved the Settlement; (ii) approved the forms and methods of notice of the Settlement to members of the Settlement Class; (iii) directed that appropriate notice of the Settlement be given to the Settlement Class; and (iv) set a hearing date for final approval of the Settlement. See Docket No. 316. Under the Settlement, the Defendants have agreed to pay **$7,054,000** which includes compensation to Trina Mehl, Jason Olsen, and Susan Olsen of $25,000 each for their service as representatives of the Class, and the legal fees and expenses of Class Counsel in the amount of $2,327,820 and $572,393, respectively. The attorneys' fees represents 33% of the Settlement funds. The Settlement was the product of months of arm's length negotiations conducted in good faith by experienced counsel after more than five years of contentious litigation.

By Order dated May 4, 2005 (Docket No. 230), the Court certified a class which was amended by Order dated July 10, 2007, defined as follows:

> **Mehl Settlement Class**. All persons who were exposed to the anhydrous ammonia cloud in and around the city of Minot, North Dakota, and who were adversely affected by the release of the hazardous chemical on January 18, 2002, and who have sustained property damages, property value diminution, personal injuries, and economic or non-economic damages as a result of the derailment and hazardous chemical release.

Notice of the Settlement was mailed to the Mehl Settlement Class on July 30, 2007; notice of the Settlement was re-mailed to the Mehl Settlement Class on August 6, 2007. During the month of August 2007, 3,000 copies of the Notice of the Settlement were distributed in public places in Minot, ND. Notice of the Settlement was also published on August 12, 2007, in The Bismarck Tribune, Minot Daily News, and The Fargo Forum. Beginning on August 17, 2007, public service announcements were broadcast once a day, for thirty (30) consecutive days each, on the following six (6) radio stations in Minot, ND: KZPR-FM, KRRZ-AM, KIZZ-FM, KMXA-FM, KCJB-AM, and KYYX-FM. Two hundred twenty-eight (228) Class Members have chosen to be excluded from the Mehl Settlement Class by filing timely Statements of Exclusion. No class member has filed a formal objection to the Settlement.

On October 9, 2007, at the United States Courthouse, 100 First Street S.W., Minot, North Dakota, the Court held a hearing on whether the Settlement was fair, reasonable, adequate, and in the best interests of the Settlement Class ("Settlement Hearing"). At the Settlement Hearing, the Class Representatives and the Settlement Class were represented by Charles S. Zimmerman and J. Gordon Rudd, Jr., of the firm Zimmerman Reed PLLP; and Mike Miller of the firm Solberg, Stewart, Miller & Tjon ("Class Counsel"). Timothy R. Thornton of Briggs and Morgan, P.A., appeared on behalf of the Defendants.

The Court having heard arguments of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having reviewed all of the pleadings, affidavits, and exhibits submitted by the parties, and having carefully considered all of the files, the entire record, and proceedings, and being otherwise fully advised,

**THE COURT FINDS AND CONCLUDES** as follows:

1. The Court has subject matter jurisdiction over this action.

2. The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable and constituted the best notice practicable under the circumstances.

3. The notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, afforded due process, and constituted due and sufficient notice of the settlement and the settlement process.

4. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of all Class Members.

5. The Class Representatives and Class Counsel have fairly and adequately represented the interests of the Class Members.

6. The Class Representatives and all Class Members (except those who filed timely Statements of Exclusion), all and each of them, are bound by the settlement terms and conditions as set forth in the Settlement Agreement.

7. The provisions of the Settlement Agreement are expressly incorporated by reference into this order.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The terms and conditions of the settlement as set forth in detail in the Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement shall be consummated in accordance with the specific terms and provisions of the Settlement Agreement.

2. Judgment shall be, and hereby is, entered dismissing with prejudice, this action and all claims that were or could have been asserted by the Class Representatives and Class Members, on the merits, and without taxation of costs in favor of or against any party other than as ordered below.

3. The Class Representatives and Class Members have forever released, relieved, discharged, and covenanted not to sue or proceed in any manner against the defendants regarding the January 18, 2002, derailment in Minot, North Dakota.

4. The Class Representatives and all Class Members are forever barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which they or any of them had or may have against the defendants as set forth in paragraph 5 of the Settlement Agreement.

5. The parties to the Settlement Agreement, and their agents, employees, and attorneys, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this final judgment, or the administration of the Settlement payments to Class Members, except for their own willful misconduct.

6. Class Counsel are awarded reasonable attorneys' fees in the amount of **$2,327,820**, and the reimbursement of reasonable expenses, costs, and disbursements, including the costs of class

notice and settlement administration, in the amount of **$572,393**, for a total award of costs and attorneys' fees of **$2,900,213**. The Class Representatives are collectively awarded Class Representative fees in the total amount of **$75,000** ($25,000 per named plaintiff) for their service as representatives of the Class and for the significant time expended on the lawsuit. All amounts as awarded shall be paid by the defendants within fourteen (14) calendar days of the date that judgment becomes final as defined in paragraph 2 of the Settlement Agreement.

7. The releases CP obtained when directly settling claims with derailment claimants that were signed after the cooling off period as prescribed in N.D. Cent. Code 9-08-03 are valid, binding and enforceable according to their terms.

8. There being no just reason for delay, the Clerk of Court is directed to enter final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.

9   In the event that this judgment does not become "Final" in accordance with paragraph 11 of the Settlement Agreement, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated. Upon vacation, all orders entered in connection with the Settlement shall be null and void. In such event, this action shall return to its respective status prior to execution of the Settlement Agreement as if the Settlement Agreement had never been executed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 9th day of October, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court